```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**WILLIAM HASKINS,**

    **Movant,**

**v.**                                          **CIVIL ACTION NO. 1:03-0558**
                                             **CRIMINAL ACTION NO. 1:95-00072-07**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the court are movant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 534), and Motion to Proceed *in Forma Pauperis* (Doc. No. 535). By Standing Order entered nunc pro tunc May 13, 2002, and filed in this case on June 20, 2003, this matter was referred to United States Magistrate Judge R. Clarke VanDervort. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter. Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF & R") on May 17, 2006, recommending that this court deny movant's Motion to Proceed *in Forma Pauperis*, deny movant's motion under § 3582(c)(2), and dismiss this matter from the court's docket. (Doc. No. 655.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which

to file any objections to Magistrate Judge VanDervort's PF & R. Under § 636(b), the failure of any party to file objections within the appropriate time frame constitutes a waiver of that party's right to a de novo review by this court. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Moreover, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982).

Movant submitted his objections on June 8, 2006.  (Doc. No. 658.)  After giving a summary of the progression of his case, as well as restating the basis for his motion, movant responds to the magistrate judge's findings and recommendation, stating that he pled guilty on October 10, 1995, to "distributing cocaine base (crack) and aiding and abetting the distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (b)(1)(B), (b)(1)(C) and 18 U.S.C. § 2." (<u>Id.</u> at 2-3.)  He proceeds to list the counts of the indictment to which he pled guilty, the drug quantities stated in those counts, and the statutory maximum sentences authorized for the offenses.  (<u>Id.</u> at 3.)  He continues as follows:

> The 575 grams of cocaine base that the court held movant accountable for was relevant conduct brought in at sentencing.  Movant was not convicted of 21 U.S.C. § 841(b)(1)(A)(iii) so therefore movants' Offense Statutory

> Maximum was never life in prison.  For the small amounts
> of drugs that movant was convicted of was never used.
> The government made a grave mistake in sentencing Movant
> starting Movants base offense at 36 instead of 34 where
> Career Offender start at because Movants sentence is
> supposed to be in the range of 210 to 262 months in
> prison.

(Id.)

Movant based his motion to reduce his sentence under § 3582(c)(2) on his contention that this court must give retroactive effect to United States Sentencing Guidelines Amendments 506 and 567, and that in doing so the court must conclude that the statutory maximum term of imprisonment applied at sentencing must be lowered to thirty years, resulting in a lower Base Offense Level under the Guidelines.  (Doc. No. 534 at 1-2)(citing United States v. Labonte, 520 U.S. 751 (1997)).  The magistrate judge evaluated movant's argument in this regard and correctly concluded that it was without merit.  (Doc. No. 655 at 7.)

Movant's objection, set forth above, is irrelevant and unresponsive to the reasoning contained in the PF & R, and must be overruled on that ground, as it does not "direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano, 687 F.2d at 47.  Additionally, movant's objection appears to set forth an argument in the vein of United States v. Booker, 543 U.S. 220 (2005), and related cases.  In this regard, the court observes that it is now well-

established that <u>Booker</u> does not apply retroactively so as to permit collateral attack of a judgment of conviction that became final before <u>Booker</u> was decided. See <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005)(agreeing with nine circuit courts of appeal holding <u>Booker</u> inapplicable retroactively to cases on collateral review). For both of these reasons, movant's objections are **OVERRULED**.

Having reviewed the Proposed Findings and Recommendation filed by Magistrate Judge VanDervort, the court (1) **CONFIRMS** and **ACCEPTS** the factual and legal analysis within the magistrate judge's Proposed Findings and Recommendation, (2) **DENIES** movant's Motion to Proceed *in Forma Pauperis* (Docket No. 535), (3) **DENIES** movant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 534.), and (4) **DISMISSES** this case with prejudice.

The Clerk is directed to remove this action from the active docket of this court. The Clerk is further directed to forward a certified copy of this Memorandum Opinion and Judgment Order to the movant and to all counsel of record.

IT IS SO ORDERED this 31st day of July, 2006.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge