```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO. 1:95-00072-07

**WILLIAM HASKINS**

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendant's motions, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence based on a subsequent reduction in the applicable sentencing guideline. (Docs. No. 753 and 767).  On April 30, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that reduces the guidelines applicable to drug trafficking offenses. Specifically, Amendment 782 reduces by two the offense levels assigned in the Drug Quantity Table, resulting in lower guideline ranges for most drug trafficking offenses.  Amendment 782, sometimes called "drugs minus two" or the "2014 drug guidelines amendment," took effect on November 1, 2014.  On July 18, 2014, the Sentencing Commission voted to give retroactive effect to Amendment 782.  Amendment 782 is however subject to the following limitation: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  U.S.S.G. § 1B1.10(e)(1).  Counsel was appointed to represent defendant and

the parties were directed to file memoranda in support of their positions.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, addendum to the PSI received from the Probation Office, and any materials submitted by the parties on this issue.[1]  The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The United States filed a response indicating that it agreed with the probation officer that defendant was not eligible for a sentence reduction because he was sentenced as a career offender.  (Doc. No. 780).  However, the addendum prepared by the probation officer indicated that defendant **was** eligible for a reduction.  According to the guidelines, the career offender offense level shall apply only when it is greater than the otherwise applicable offense level.  In the case of Haskins, his original sentence was driven by the drug trafficking guideline because it was higher than the career offender guideline.  Furthermore, even after application of Amendment 782, defendant's conduct-based offense guideline remains higher than the career

---

[1] Defendant filed a motion to extend the deadline for filing his memorandum in support of his motions.  (Doc. No. 781).  That motion is **GRANTED** and his response is deemed to have been timely filed.

offender guideline.  Therefore, Haskins is entitled to a reduction as long as any such reduction does not fall below the career offender guideline.  See United States v. Stevenson, 749 F.3d 667, 670 (7th Cir. 2014) ("Where a defendant's conduct-based offense level exceeds the career offender guideline (or other mandatory minimum sentence) and the defendant is sentenced based on the higher offense level, his sentence cannot later be reduced below the career offender level, provided the original sentencing court found that he was a career offender.  To hold otherwise would grant a windfall to convicted criminals whose one-time offense conduct was so egregious the corresponding sentence exceed the relevant career criminal sentence.").

     Based on the foregoing considerations, the court **GRANTS** defendants' motions for relief under Amendment 782 (Docs. No. 753 and 767) and **ORDERS** that defendant's base offense level be reduced, resulting in a new total offense level of 35.[2]  It is further **ORDERED** that defendant's previous sentence be reduced to 315 months on Count 24.  This sentence is to run concurrent with the sentences of 240 months imposed on each of Counts 7, 9, and 10.  This Order is further subject to the prohibitions contained within U.S.S.G. § 1B1.10(b)(2)(c) and U.S.S.G. § 1B1.10(e)(1).

---

[2] For the reasons explained in the court's orders of April 27, 2010 and August 31, 2012, defendant's motion for relief under the previous amendments (Doc. No. 751) is **DENIED**.

Finally, all other aspects of the previously imposed Judgment Order remain in full force and effect.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Judgment Order to defendant, the Federal Public Defender, counsel of record, the United States Marshal for the Southern District of West Virginia, and to the United States Probation Office for forwarding to the Sentencing Commission and Bureau of Prisons.

**IT IS SO ORDERED** this 28th day of March, 2016.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge