```
       IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 1:95-0072-07

**WILLIAM HASKINS**

### MEMORANDUM OPINION AND JUDGMENT ORDER

Defendant seeks a reduction in his term of supervised release based upon the First Step Act of 2018. In the alternative, defendant seeks the early termination of his supervised release under 18 U.S.C. § 3583(e)(1).

On December 21, 2018, the First Step Act was signed into law. See Pub. L. No. 115-391, 132 Stat. 5194 (2018). The First Step Act applies the relief provided in the Fair Sentencing Act of 2010, which reduced the disparity in the treatment of crack and powder cocaine offenses, retroactively to eligible defendants. Under the First Step Act, "a court that imposed a sentence for a covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Id. at § 404(b).

To be eligible for a reduced sentence under the First Step Act, a defendant's sentence must not have been previously imposed or reduced in accordance with Sections 2 and 3 of the Fair Sentencing Act. Id. at § 404(c). In addition, a sentence may not be reduced if the defendant has made a previous motion for a

reduction under the First Step Act that was denied on the merits. Id.  Furthermore, a court is not required to reduce a sentence under the First Step Act.  Id.

On October 10, 1995, defendant pled guilty to counts Seven, Nine, Ten, and Twenty-Four of a 25-count superseding indictment charging him with distribution of cocaine base and aiding and abetting same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Count Twenty-Four triggered a five-year mandatory minimum sentence with a maximum sentence of 40 years while the statutory maximum sentence on Counts Seven, Nine, and Ten was 20 years.  On February 5, 1996, defendant was sentenced to a term of imprisonment of 420 months on Count Twenty-Four and 240 months on each of Counts Seven, Nine, and Ten, all sentences to run concurrently.  He was further sentenced to a term of supervised release of five years on Count Twenty-Four and three years on each of Counts Seven, Nine, and Ten, all such terms to run concurrently.  On March 28, 2016, defendant's sentence on Count Twenty-Four was reduced to 315 months and he was released from custody on March 15, 2018.  He is currently serving his term of supervised release.

As the parties agree, defendant's conviction on Count Twenty-Four is a "covered offense" because it was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act which increased the drug

quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1).  Specifically, the threshold requirement to trigger the mandatory minimum sentence of five years under 21 U.S.C. § 841(b)(1)(A) was increased from 5 grams to 28 grams.  Furthermore, defendant's sentence was not previously imposed or reduced in accordance with the First Step Act nor has he made another motion for a sentence reduction under the Act.  Retroactive application of the First Step Act in defendant's case yields a statutory maximum sentence of twenty years.

The court has considered the record in this case, including the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, a memorandum received from the Probation Office, and any materials submitted by the parties on this issue.  The court has also considered the applicable factors under 18 U.S.C. § 3553(a).

The United States has indicated that it does not object to a reduction in the defendant's term of supervised release to three years.  Any sentence reduction under the First Step Act is implemented pursuant to 18 U.S.C. § 3582(c)(1)(B).  <u>United States v. Venable</u>, 943 F.3d 187, 194 n.11 (4th Cir. 2019).

Based on the foregoing considerations, defendant's motion is **GRANTED** and it is further **ORDERED** that defendant's term of supervised release on Count Twenty-Four be reduced to a three-

year term of supervised release, to run concurrent with the three-year terms imposed on Counts Seven, Nine, and Ten.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Judgment Order to defendant, the Federal Public Defender, counsel of record, the United States Marshal for the Southern District of West Virginia, and to the United States Probation Office for forwarding to the Sentencing Commission and Bureau of Prisons.

It is SO ORDERED this 11th day of May, 2020.

                                      ENTER:

                                      David A. Faber
                                      Senior United States District Judge